# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KATHY BAUER, on behalf of herself and all others similarly situated,

       Plaintiff,

  v.

STATE FARM LIFE INSURANCE COMPANY,

       Defendant.

Civil Action No. 1:21-cv-00464-SDG

## PLAINTIFF KATHY BAUER'S OPPOSITION TO STATE FARM LIFE INSURANCE COMPANY'S PARTIAL MOTION TO DISMISS AND TO STRIKE PORTIONS OF PLAINTIFF'S AMENDED COMPLAINT

In asking this Court to dismiss Plaintiff's conversion claim, State Farm contends only that the claim "is simply attempting to recover a certain amount of money generally" and "merely restate[s] a breach of contract claim." Doc. 39-1 at 2 (internal quotation marks and citations omitted). In doing so, State Farm mischaracterizes Plaintiff's conversion claim and fails to show a basis for dismissal under Georgia law.

Additionally, State Farm has previously raised this exact argument in a case involving the very same life insurance policy form issued by State Farm in *Vogt v. State Farm Life Insurance Company*. There, the Western District of Missouri

rejected State Farm's argument and held that the plaintiff's "conversion claim arises from the independent duty not to appropriate another's funds, a duty that exists regardless of and independently of [the plaintiff's] life insurance contract with State Farm." No. 2:16-CV-04170-NKL, 2017 WL 1498073, at *2 (W.D. Mo. Apr. 26, 2017), *aff'd*, 963 F.3d 753 (8th Cir. 2020), *cert. denied,* 20-1008, 2021 WL 1521013 (U.S. Apr. 19, 2021). Regardless of whether State Farm has also violated contractual duties, Plaintiff has a viable conversion claim due to State Farm's violation of this common law tort duty.

State Farm further asserts that "Plaintiff is fatally untimely on all of the alleged 'conversions' via monthly deductions prior to the four-year limitations period." Doc. 39-1 at 14–15. Assuming *arguendo* that Georgia's statutory limitations period for conversion claims is four years, State Farm's fraudulent concealment allows Plaintiff to fully recover on her conversion claim.

State Farm's argument that Plaintiff's request for declaratory relief "mirrors the breach of contract claim and serves no useful purpose," Doc. 39-1 at 15, is equally unmeritorious. Plaintiff's declaratory judgment claim serves a useful purpose: it seeks to resolve the parties' competing views regarding contract interpretation, will provide clarity for policy owners now and moving forward, will help determine whether State Farm's misappropriation of Plaintiff's funds was

authorized for purposes of conversion, functions as an independent basis for class certification, and acts as a predicate to Plaintiff's requested injunctive relief.

Plaintiff's conversion and declaratory relief claims are viable, her request for punitive damages is properly based on her conversion claim, and State Farm's motion should therefore be denied.

## I. BACKGROUND

### A. Plaintiff's Relevant Allegations

#### 1. The Policies and State Farm's Breaches

This case concerns State Farm's conduct as to certain "Form-94030" universal life insurance policies (the "Policies") it issued to Georgia policy owners. Doc. 35 at ¶ 11. In addition to a death benefit, the Policies provide policy owners a savings, or interest-bearing, component that the Policies refer to as the "Account Value." *Id.* at ¶ 20. Generally, premium dollars are deposited into the Account Value, from which State Farm deducts those monthly charges authorized by the terms of the Policies. *Id.* at 21. The money that makes up the Account Value is the property of the policy owner and is held in trust by State Farm. *Id.* at ¶ 22.

The Policies provide that State Farm may take a "Monthly Deduction" from the Account Value. *Id.* at ¶ 28. The "Monthly Deduction" includes the cost of insurance ("COI"), the monthly charges for any riders, and the monthly expense

charge. *Id.* at ¶ 29. The Policies state that the monthly expense charge is $5.00. *Id.* at ¶ 30. The Policies also expressly define how the COI portion of the Monthly Deduction ("COI Charge") is determined and calculated. *Id.* ¶ 31. The Policies state that the COI Charge is calculated each month using "Monthly Cost of Insurance Rates" ("COI Rates"). *Id.* at ¶ 32. The COI Rates "for each policy year are based on the Insured's age on the policy anniversary, sex, and applicable rate class," and "[s]uch rates can be adjusted for projected changes in mortality but cannot exceed the maximum monthly cost of insurance rates." *Id.* at ¶ 32.

State Farm has elsewhere admitted that a COI Rate "based on" factors explicitly identified in the Policies must be determined using only those factors identified and no other unidentified factors. *Id.* at ¶ 27 (citing *Alleman v. State Farm Life Ins. Co.*, 334 F. Appx. 470, 472 (3rd Cir. 2009) (affirming summary judgment in State Farm's favor and rejecting plaintiff insured's argument that a provision in the life insurance policy stating a charge would be "*based on the Insured's age last birthday and sex*" should be read to include other undisclosed factors, because "[b]y the plain language of these policies, it is clear that the insureds' age and sex are the only mortality factors relevant to the rate . . .") (emphasis added)). Thus, under the explicit terms of the Policies, State Farm is authorized to determine monthly COI Rates for each policy year using only the Insured's age, sex, applicable rate class,

and projected changes in mortality. *Id.* at ¶ 34; *c.f. Vogt v. State Farm Life Ins. Co.*, 963 F.3d 753, 764 (8th Cir. 2020) ("If State Farm wanted the freedom to collect a COI fee based on factors other than those enumerated in the policy, it could have drafted the policy language to unambiguously achieve this aim.").

Although the Policies authorize State Farm to use only certain, specified factors in determining monthly COI Rates, State Farm uses other factors, not authorized by the Policies, when determining those Rates, including, without limitation, profit and expenses. *Id.* at ¶ 40. By incorporating these impermissible factors into monthly COI Rates, State Farm knowingly causes those Rates to be higher than what is explicitly authorized by the Policies and, as a result, withdraws COI Charges from policy owner Account Values in amounts greater than the Policies allow. *Id.* at ¶ 41. State Farm's practice of deducting COI Charges in amounts not authorized by the Policies constitutes a breach of the Policies. *Id.* at ¶ 64. State Farm also loads the COI Rates with undisclosed and unauthorized expenses, thereby impermissibly deducting expenses from the Account Values of Plaintiff and the Class in amounts exceeding the fixed expense charges expressly authorized by the Policies. *Id.* at ¶ 67. By doing so, State Farm has again breached the Policies. *Id.* at ¶ 68.

**2.      State Farm Converts Plaintiff's Funds**

Plaintiff and each Class Member have a property interest in the funds in their Account Values, which State Farm held in trust for their benefit. *Id.* at ¶ 22, 71. State Farm intentionally and substantially interfered with that property interest by deducting COI Charges and expense charges in unauthorized amounts from the Account Values of Plaintiff and the Class. *Id.* at ¶ 72. State Farm thereby assumed and exercised dominion and control over specific funds placed in the custody of State Farm for the benefit of Plaintiff and the Class and misappropriated or misapplied those funds without authorization or consent and in hostility to their rights. *Id.* Although requiring expert testimony, the amounts of unauthorized COI Charges and expense charges State Farm took from Plaintiff and the Class are capable of determination, to an identified sum, by comparing Plaintiff's actual COI Charges each month to COI Charges computed using monthly COI Rates that include only the mortality factors provided for in the Policies. *Id.* at ¶ 76. State Farm's wrongful exercise of control over the personal property of Plaintiff and the Class constitutes conversion, and demand is excused because State Farm's possession of the property was acquired wrongfully and because demand would be useless. *Id.* at ¶ 74.

### 3.     State Farm Fraudulently Concealed Its Wrongful Conduct

As a result of State Farm's fraudulent concealment, Plaintiff did not discover, and by exercising reasonable diligence could not have discovered, the facts establishing State Farm's continuing wrongful conduct or the harm caused thereby. *Id.* at ¶ 48. First, the nature of State Farm's conduct is such that Plaintiff and each Class Member would be unaware that State Farm was intentionally engaging in wrongdoing by taking inflated COI Charges and improper amounts from their Account Values. State Farm, not the Plaintiff nor the Class Members, possesses the actuarial information and equations underlying the computation of rates and charges for the Policies. *Id.* at ¶ 46. State Farm does not disclose the COI Rates and the components or factors that comprise those Rates to the policy owners. *Id.* Even if State Farm had done so, Plaintiff and the Class would lack the knowledge, experience, and training to reasonably ascertain how State Farm calculated COI Rates and COI Charges. *Id.*

Second, State Farm was aware that Plaintiff and each Class Member did not know about the improper deductions due to State Farm's superior knowledge of these calculations. *Id.* at ¶ 47. State Farm sent Plaintiff and each Class Member annual statements that identified each month's COI Charge while affirmatively and intentionally concealing the factors Defendant used to calculate the COI Rates. *Id.*

State Farm also provided Plaintiff an illustration that refers to the COI Charges as "current mortality charges" and "current mortality," but State Farm intentionally concealed the factors it actually used to calculate the impermissibly inflated COI Rates. *Id.*

Third, Plaintiff reasonably relied to her detriment on State Farm's fraudulent concealment of its misconduct and material omission of the factors actually used to calculate the deductions to her Account Value. *Id.* at ¶ 48. Despite Plaintiff's reasonable diligence, she was kept ignorant by Defendant of the factual bases for her claims for relief. *Id.* at ¶ 47. State Farm's intentional withholding of material facts thus concealed Plaintiff's claims and tolled all applicable statutes of limitations. *Id.* at ¶ 47. State Farm is estopped from asserting a statute of limitations defense. *Id.* at ¶ 49.

Even though State Farm's intentional failure to disclose the true factors it used—and continues to use—to calculate the COI Rates misled Plaintiff and prevented her from learning the factual bases for her claims, Plaintiff proceeded diligently to file suit once she discovered the need to proceed. *Id.* at ¶ 49. As a result of State Farm's wrongful conduct, Plaintiff commenced this action.

## II.    LEGAL STANDARD

State Farm moves to dismiss Plaintiff's claims for conversion and declaratory

relief under Federal Rule of Civil Procedure 12(b)(6). "A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a 'plausible' claim for relief." *Landcastle Acquisition Corp. v. First-Citizens Bank & Tr. Co.*, No. 1:16-CV-3618-TWT, 2017 WL 2813674, at *1 (N.D. Ga. June 29, 2017) (footnote omitted)). "In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff." *Id*; *see also Perez v. Wells Fargo Bank, Nat'l Ass'n, Inc.*, No. 4:12-CV-0218-HLM, 2015 WL 13066079, at *11 (N.D. Ga. Mar. 31, 2015) (denying motion to dismiss conversion claim for freezing of funds as duplicative of claim for breach of contract and holding that, "[a]lthough Defendant Wells Fargo argues that none of Plaintiff's tort claims are independent of the contract, it is possible that the allegations, viewed in the light most favorable to Plaintiff, could state at least an independent claim for conversion"). Here, Plaintiff's Complaint satisfies these requirements, and State Farm's motion should be denied.

## III.   ARGUMENT

### A.   Plaintiff's conversion claim seeks specific, identifiable money and is distinct from her contract claims.

Plaintiff's conversion claim survives dismissal because the converted money is specific and identifiable and because the conversion claim is not duplicative of the breach of contract claims. Under Georgia law, "[t]he owner of personalty is entitled

to its possession," and "[a]ny deprivation of such possession is a tort for which an action lies." Ga. Code Ann. § 51-10-1. "This provision embodies the common law action of trover and conversion, which involves the unauthorized assumption and exercise of right of ownership over personal property of another, contrary to the owner's rights." *Smith v. United States*, 873 F.3d 1348, 1353 (11th Cir. 2017) (internal quotation marks and citation omitted)). "[M]oney can be the subject of a conversion claim as long as the allegedly converted money is specific and identifiable." *Unified Servs., Inc. v. Home Ins. Co.*, 218 Ga. App. 85, 89 (1995) (citing cases); *Faircloth v. A.L. Williams & Associates, Inc.*, 206 Ga. App. 764, 767 (1992) ("the gist of [conversion] is an act of hostile dominion or appropriation, and is not merely a matter of whether the property appropriated was tangible or intangible").  State Farm recognizes that a conversion claim may be warranted where a conversion claim seeks specific and identifiable funds (Doc. 39-1, at 7), which is "separate from" any breach of contract claims. *Id.*, at 2.

Georgia courts and federal courts applying Georgia law routinely recognize conversion claims in cases similar to this one. *See Decatur Auto Ctr. v. Wachovia Bank, N.A.*, 276 Ga. 817, 821 (2003) ("Conversion is . . . available for . . . overdrafts charged by a bank on existing accounts."); *Unified Servs.*, 218 Ga. App. at 89 (earmarked premium payments are "sufficiently specific and identifiable to support

a conversion action"); *Nat'l City Bank of Rome v. Busbin*, 175 Ga. App. 103, 104 (1985) ("The bank's application of the Rozelle-Tolan income to reduce the indebtedness owed on the Bennett note may be considered a conversion to the extent it was not authorized by Busbin under the terms of the assignment, a conversion being any distinct act of dominion asserted over another's property in denial of his right or inconsistent with it."); *O'Quinn v. Bank of Am., N.A.*, 2016 WL 9275410, at *4 (N.D. Ga. Nov. 18, 2016), *report and recommendation adopted,* 2016 WL 9308540 (N.D. Ga. Dec. 16, 2016) (collecting cases and finding conversion claim sufficiently specific where plaintiff alleged only that "funds that remain of the proceeds from the foreclosure sale of [the property] after all liens, attorney's fees, and costs related to the sale have been deducted"); *Newton v. Brighthouse Life Ins. Co.*, No. 1:20-CV-02001-AT, 2021 WL 2604654, at *26 n.15 (N.D. Ga. Mar. 11, 2021) ("[T]he Court disagrees with Defendant's assertion that Plaintiff's allegations that he was overcharged for cost of insurance cannot constitute the predicate offenses of theft by conversion, theft by deceit, and theft by taking."); *White v. Wachovia Bank, N.A.*, 563 F. Supp. 2d 1358, 1371 (N.D. Ga. 2008) (applying Georgia law) (plaintiffs stated viable conversion claim to recover improper overdraft fees); *In re Checking Acct. Overdraft Litig.*, 694 F. Supp. 2d 1302, 1323 (S.D. Fla. 2010) (same)).

Here, Plaintiff's Complaint shows that her conversion claim seeks specific, identifiable money. The amounts of unauthorized COI Charges and expense charges State Farm took from Plaintiff and the Class are capable of determination, to an identified sum, by comparing Plaintiff's actual COI Charges each month to COI Charges computed using monthly COI Rates using only the mortality factors provided for in the Policies. *Id.* at ¶ 76. This is sufficient even though the amounts are not precisely known at the time of filing of the suit or might require expert testimony to make the calculation. *See Vogt*, 2017 WL 1498073, at *4 (applying Missouri law) ("[T]he Court is unaware of authority holding that a conversion claim for money that can be 'described or identified as specific chattel' will not stand when the specific numeric sum is not identifiable at the time of filing, particularly when the specific sum presumably, will be identifiable as litigation progresses."); *James v. Litton Loan Servicing, L.P.*, 4:09-CV-147 CDL, 2011 WL 59737, at *12 (M.D. Ga. Jan. 4, 2011) ("It is not clear from the present record exactly what Plaintiffs' loan balance should have been as of late 2009 had Litton applied Plaintiffs' payments correctly, but the funds that Litton allegedly converted can be identified as the difference (if any) between the amount Plaintiffs actually owed on the loan and the amount Litton claimed that Plaintiffs owed on the loan.").

Relatedly, that Plaintiff's premium payments fund both the cost of insurance and the Account Value does not defeat her conversion claim. For example, in *Armstrong v. Ocwen Mortgage Co.*, CV413-010, 2014 WL 1319389 (S.D. Ga. Mar. 28, 2014), the plaintiff sought only part of an escrow fund, "money not used for real estate taxes." *Id*. at *3. But because those funds were "earmarked for a specific purpose, *like an insurance premium payment*," the Court held that the funds were sufficiently identifiable and could support a conversion claim. *Id*. (emphasis added) (citing *Unified Servs. Inc*., 218 Ga. App. at 89). The commingling of the funds was not determinative. *Armstrong*, at *3; *see also Adler v. Hertling*, 215 Ga. App. 769, 774 (1994) ("Mingling of the funds in a mixed bank account does not destroy their identity so as to prevent their recovery in an action for conversion as long as the funds or a portion thereof can be traced."). This is particularly true here, where Plaintiff alleges that State Farm held her funds in the Account Value in trust for her benefit. *See* Doc. 35 at ¶¶22–24, 71. "A beneficiary of trust funds . . . is entitled to follow the funds through changes in their form." *Adler*, 215 Ga. App. at 774.[1]  In sum, where, as here, earmarked insurance premium payments are "sufficiently

---

[1] State Farm's cited authority of *First IC Bank* did not consider whether the funds were placed in trust, nor did it discuss *Adler*. *See First IC Bank v. N. Am. Title Ins. Co.*, 1:19-CV-05055-SDG, 2021 WL 732354, at *4 (N.D. Ga. Jan. 21, 2021).

specific and identifiable to support a conversion action," *Unified Servs.*, 218 Ga. App. at 89, the Plaintiff's conversion claim should survive.

State Farm's cited authority in this regard should not control. For example, *City of Atlanta v. Hotels.com, L.P.*, addressed the granting of summary judgment (not a motion to dismiss) of a conversion claim, exacerbating the plaintiff's failure to provide evidence that "its claim [was] one for specific money rather than a certain amount of money generally." *See id.*, 332 Ga. App. 888, 890–91 (2015). Moreover, that case involved the alleged failure to remit itemized taxes and fees collected by customer bills, *id.* at 891, an altogether different proposition than raiding funds from Account Values, which were specifically created for the benefit of Plaintiff and each Class Member. Similarly, in *Budell*, the plaintiff "did not allege that his capital contribution was entrusted to [former partner] for a specific designated purpose and was then misused by her." *Internal Med. All., LLC v. Budell*, 290 Ga. App. 231, 239 (2008). And in *First IC Bank* (discussed in n.1, *supra*), the plaintiff bank alleged that the defendant converted the banks funds due to defendant's "breach of its contractual obligations to apply the closing funds," but the court found no breach of contract as to that defendant. *Id.*, 2021 WL 732354, at *3–4.

Plaintiff's conversion claim is also distinct from her breach of contract claims. State Farm argues that "a duty independent of contract" is "required to state a tort

claim under Georgia law." Doc. 39-1 at 11. Here, there is such an independent duty. The claim arises from the longstanding extra-contractual duty to not take another's property without authorization. *See* Ga. Code Ann. § 51-10-1 ("The owner of personalty is entitled to its possession. Any deprivation of such possession is a tort for which an action lies."); *Hewitt v. Malone*, 105 Ga. App. 281, 284 (1962) (acknowledging "duty not to convert" another's property). Indeed, Georgia courts "frequently allow separate claims that might be loosely called 'surplusage,' as long as they constitute recognized claims." *Faircloth*, 206 Ga. App. at 766; *see also Deverze v. Uber Techs., Inc.*, 1:19-CV-4988-CAP, 2021 WL 1053641, at *9 (N.D. Ga. Feb. 4, 2021) ("Contrary to the Uber Defendants' assertion, a claim for conversion can lie even when there is a contract between the parties.").

Plaintiff's conversion claim alleges that State Farm "assumed and exercised dominion and control over, and misappropriated or misapplied specific funds placed in [its] custody," those funds being held in trust for the benefit of Plaintiff and the Class. Doc. 35 at ¶¶ 71–72. Plaintiff further alleges that State Farm "retained these funds unlawfully." *Id.* at ¶ 73. Plaintiff's conversion claim is different from her breach of contract claims because it focuses on different actions: State Farm's calculation of the rates it charged her versus State Farm's exercise of dominion and control over and misapplication or misappropriation of her money held in trust.

Thus, Plaintiff's conversion claim clearly "adds something" to her complaint and is separate and distinct from her breach of contract claims. *See Faircloth*, 206 Ga. App. at 766.[2]

Other jurisdictions have allowed conversion claims to proceed under similar facts. *See, e.g.*, *Vogt*, 2017 WL 1498073, at *2 ("Vogt's conversion claim arises from the independent duty not to appropriate another's funds, a duty that exists regardless of and independently of Vogt's life insurance contract with State Farm."); *Taylor v. Midland Nat'l Life Ins. Co.*, No. 4:16-cv-00140-SMR-HCA, 2016 WL 9454075, at *4 (S.D. Iowa July 29, 2016)  ("[C]ontract is *not* the only source of the duty not to convert another's property—the common law imposes it.") (emphasis in original); *Cook v. John Hancock Life Ins. Co. (U.S.A)*, No. 7:12-CV-00455, 2015 WL 178108 (W.D. Va. Jan. 14, 2015) ("[C]ourts routinely have held that the duty

---

[2] This is all the truer given that Plaintiff alleged that State Farm intentionally engaged in wrongdoing (Doc. 35 at ¶46); acted with fraudulent intent (*id.* at ¶ 77); and affirmatively acted to mislead Plaintiff and the Class and to fraudulently conceal its actions. (*id.* at ¶¶ 47–48). Such fraudulent intent pushes State Farm's conduct past of the typical breach-of-contract sphere. *See, e.g.*, *Schoenbaum Ltd. Co., LLC v. Lenox Pines, LLC*, 262 Ga. App. 457, 470 (2003) ("[t]he presence of fraudulent intent . . .  distinguishes theft by conversion from breach of contract."); *Acella Pharm., LLC v. G&S Enterprises, Inc.*, 1:12-CV-3687-TCB, 2012 WL 13018377, at *5 (N.D. Ga. Nov. 7, 2012) (same).

not to convert others' property is a common law duty owed by all, and would exist even in the absence of a contract between the parties.").[3]

Here too, State Farm's cited cases are distinguishable. *See, e.g*, *N.V. Roger Vanden Berghe v. Mahdavi's & A & A Rug Co., Inc.*, No. 1:08-CV-1782-WSD, 2009 WL 10665107, at *7 (N.D. Ga. June 9, 2009) (plaintiff identified no independent duty arising from defendant-wholesaler's failure to pay plaintiff-seller for rugs sold to defendant-retailer as required by sales invoices); *WESI, LLC v. Compass Env't, Inc.*, 509 F. Supp. 2d 1353, 1362 n.11 (N.D. Ga. 2007) (conversion claim related to

---

[3] This Court should not follow *Jaunich v. State Farm Life Ins. Co.*, No. 20-1567 (PAM/BRT), 2020 WL 6712219, at *2 (D. Minn. Nov. 16, 2020), or *Bally v. State Farm Life Ins. Co.*, No. 18-CV-04954-CRB, 2021 WL 1668004 (N.D. Cal. Apr. 28, 2021), as State Farm suggests it should. Both cases are meaningfully distinguishable from the present one. The *Jaunich* court found that "Minnesota has a different view on conversion" than the Missouri law the *Vogt* court considered, concluding that—unlike Minnesota law—Missouri law allowed for "funds placed in the custody of another for a specific purpose and their diversion for other than such specified purpose subjects the holder to liability in conversion" *Id.* Here, Georgia law applies and dictates a different result. *See Unified Servs.*, 218 Ga. App. at 89. In *Bally*, the court granted summary judgment for State Farm on the plaintiff's conversion claim, but on the distinguishable grounds that "in California, breaches of insurance contracts are typically only found to [support a conversion claim] when the implied covenant of good faith and fair dealing is breached" and that at the summary judgment stage the plaintiff had "not demonstrated that State Farm engaged in any actual 'fraud or dishonesty.'" *Id.* at *12–13. Here, in contrast, Georgia law applies instead of California law, Plaintiff alleges fraudulent concealment by State Farm, and this case is at the pleadings stage, where Plaintiff's well-pleaded allegations are assumed true and construed in the light most favorable to Plaintiff. Doc. 35 at ¶¶ 46–49; *accord Perez*, 2015 WL 13066079, at *11.

asset purchase agreement dismissed in part because claim was "completely foreclose[d]" by agreement, which provided that "the sole and exclusive basis . . . on which any party may recover monetary damages under this Agreement from any other party . . . shall be in accordance with the indemnification provisions set forth in" the agreement).

Consequently, Plaintiff's claim for conversion is not duplicative of her breach of contract claims and thus should not be dismissed. And because Plaintiff's conversion claim is not subject to dismissal and punitive damages may be awarded for conversion, Plaintiff's prayer for punitive and exemplary damages should not be stricken. *See Taylor v. Powertel, Inc.*, 250 Ga. App. 356, 357 (2001); *Grant v. Newsome*, 201 Ga. App. 710, 711 (1991).

### B.    State Farm's fraudulent concealment tolled any statute of limitations relevant to Plaintiff's conversion claim.

No applicable statute of limitations bars any portion of Plaintiff's conversion claim. State Farm contends that "Georgia law does not permit application of a discovery rule to conversion claims," Doc. 39-1 at 14, but ignores Plaintiff's allegations that tolling is warranted due to fraudulent concealment. (Doc. 35 at ¶¶ 46–48). "The Eleventh Circuit has instructed that a Rule 12(b)(6) dismissal based upon the statute of limitations is only appropriate when it is 'apparent from the face of the complaint" that the claim is time-barred.'" *Lech v. State Farm Life Ins. Co.*,

No. 8:19-CV-2983-T-35TGW, 2021 WL 1307610, at *3 (M.D. Fla. Feb. 23, 2021)

(quoting *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)).

Where a complaint pleads "sufficient allegations to toll the statute[s] of limitation,"

then courts deny a "[d]efendant's motion to dismiss on that basis." *See Newton*, 2021

WL 2604654, at *27.

Under Georgia law, the applicable statute of limitations is tolled if the

defendant fraudulently concealed the claim at issue. "Where, as here, there is an

allegation of fraud, . . . the statute of limitations is tolled until such time as the

fraudulent conduct was discovered, or by exercise of due diligence ought to have

been discovered." *Dunn v. Towle*, 170 Ga. App. 487, 488 (1984) (tolling conversion

claim). *See also* Ga. Code Ann. § 9-3-96 ("If the defendant or those under whom he

claims are guilty of a fraud by which the plaintiff has been debarred or deterred from

bringing an action, the period of limitation shall run only from the time of the

plaintiff's discovery of the fraud."); *Cochran Mill Assocs. v. Stephens*, 286 Ga. App.

241, 244 (2007) ("In order to establish fraudulent concealment under this statute

sufficient to toll the statute of limitation, a plaintiff must prove that: (1) the

defendant committed actual fraud involving moral turpitude, (2)

the fraud concealed the cause of action from the plaintiff, and (3) the plaintiff

exercised reasonable diligence to discover his cause of action despite his failure to

do so within the applicable statute of limitation."). "The question of the existence of such fraud is ordinarily for jury determination." *Id.*

In *Newton*, this Court denied the insurer-defendant's motion to dismiss the COI class action plaintiff's conversion claim on statute of limitations grounds because the plaintiff's complaint "alleges that 'Defendant (and its predecessors-in-interest) possessed superior knowledge of their COI calculations and intentionally chose not to disclose such information to Plaintiff and the other class members' and that such suppression of material information constitutes fraudulent concealment necessary to toll the statute of limitations for Plaintiff and the class members." *Id.*, 2021 WL 2604654, at *27. To hold otherwise would improperly reward a defendant for an allegedly fraudulent scheme.

Other courts are in accord. *See Spegele v. USAA Life Ins. Co.*, 336 F.R.D. 537, 557–58 (W.D. Tex. 2020) ("As stated above in the context of Plaintiff's individual awareness of improving mortality, the Court is persuaded by this case law, and finds that mere awareness of generally improving mortality does not put Plaintiff or any class member on notice of these claims."); *Vogt v. State Farm Life Ins. Co.*, 2:16-CV-04170-NKL, 2018 WL 1747336, at *7 (W.D. Mo. Apr. 10, 2018), ("The mere fact that COI charges were increasing also could not have 'tipped' [plaintiff] off to the alleged overcharges, because COI charges increase as the insured ages, because

of mortality expectations.") *aff'd*, 963 F.3d 753 (8th Cir. 2020) (rejecting State Farm's argument that the statute of limitations began to run long before plaintiff consulted an actuarial expert and an attorney because he was well aware of the rising COI fees, as evidenced by annual statements State Farm sent to plaintiff, and his knowledge of rising COI fees put him on notice of potentially actionable overcharges; holding instead that "[a]lthough a reasonably prudent person might have had some suspicions about the rising COI fees, this alone would be insufficient to put such a person on notice and trigger the running of the statute of limitations"); *Palumbo v. Nationwide Life Ins. Co.*, 2017 WL 80405, at *2 (D. Conn. Mar. 8, 2017) (denying motion to dismiss on statute of limitations grounds and rejecting insurer's argument that any purported breach or fraudulent conduct was disclosed to plaintiffs year after year since 1997 because "knowledge of the specific amount of cost of insurance charges or knowledge that charges were increasing is not the same as knowledge of fraudulent calculation by defendant (i.e., knowledge that charges were not based on the factors set out in the contracts)).

The *Newton* court's rationale applies here. Plaintiff alleges that State Farm intentionally engaged in wrongdoing by taking inflated charges and improper amounts from the Account Values. Doc. 35 at ¶ 46. Moreover, State Farm possessed superior knowledge of COI calculations. *Id.* at ¶ 47. Plaintiff alleges that State Farm

intentionally chose not to share such information with Plaintiff and the other Class Members. *Id.* Rather, it affirmatively and intentionally concealed the factors it used to calculate the cost of insurance rates when communicating to the Plaintiff and the Class. *Id.* Plaintiff alleges that State Farm's intentional suppression of this material information constitutes fraudulent concealment that tolls any relevant statute of limitations. *Id.* at ¶¶ 47–48. Thus, as in *Newton*, no relevant statute of limitations warrants dismissal of Plaintiff's conversion claim.

### C.    Plaintiff's request for declaratory relief serves a useful purpose.

State Farm's argument that Plaintiff's claim for declaratory relief is duplicative of her breach of contract claims and serves no useful purpose has been rejected before and it should be rejected again here. First, Plaintiff asks the Court to resolve the parties' competing views on the proper interpretation of the Policy, and thus, the action will "serve a useful purpose." *Newton*, 2021 WL 2604654, at *16 (citing *Reprod. Health Servs. v. Marshall*, 268 F. Supp. 3d 1261, 1292 (M.D. Ala. 2017) and *Allstate Ins. Co. v. Employers Liab. Assur. Corp.*, 445 F.2d 1278, 1280 (5th Cir. 1971)) (denying motion to dismiss claim for declaratory relief as duplicative of breach of contract claim in COI class action). Second, Plaintiff's "claim for declaratory relief is clearly forward-looking as is apparent from the language of the Amended Complaint, while its breach of contract claim is

retrospective in nature." *F. Hackett & Assocs., Inc. v. GE Cap. Info. Tech. Sols., Inc.*, 744 F. Supp. 2d 1305, 1311 (S.D. Fla. 2010) (denying motion to dismiss claim for declaratory relief as duplicative of breach of contract claim). Here, as in *Hackett & Assocs.*, Plaintiff's declaratory relief claim is forward-looking, *see, e.g.*, Doc. 35 at ¶¶ 82–83 (seeking declaratory and injunctive relief "so that future controversies may be avoided"), whereas Plaintiff's breach of contract claims seek damages for current and past breaches, *see, e.g.*, *id.* at ¶¶ 63–65, 67–69 (State Farm breached the Policies when "Defendant . . . deducted" COI Charges "from the Account Values of Plaintiff and the Class in amounts greater than those authorized by the Policies"; "Defendant has breached the Policies" by "loading [monthly COI Rates] with undisclosed and unauthorized expenses.").

Third, Plaintiff seeks class certification, and therefore it would be premature on State Farm's motion to dismiss to determine whether a declaratory judgment would serve a useful purpose. For instance, in a recent COI class action where the named plaintiff brought claims for breach of contract and declaratory relief this Court correctly "exercise[d] its discretion to entertain Plaintiff's claim for declaratory judgment at [the dismissal] stage as it involves a substantial disagreement between the parties regarding the proper interpretation of Plaintiff's universal life policy (and potentially for class members if this case is certified)."

23

*Newton*, 2021 WL 2604654, at *16 (citing *Procentury Ins. Co. v. Harbor House Club Condo. Ass'n, Inc.*, 652 F. Supp. 2d 552, 556-57 (D. N.J. 2009)). The *Vogt* court likewise recognized that the claim for declaratory relief, even if it "duplicates" the breach of contract claim, could serve a useful purpose at class certification as an independent basis to support certification. No. 2:16-cv-04170-NKL, Doc. 52 at 12 (finding that claim for declaratory judgment may serve a useful purpose at class certification); *see also id.*, 2018 WL 1955425 (W.D. Mo. Apr. 24, 2018) (certifying claim for declaratory relief under Rule 23(b)(2)); *Bally*, 2020 WL 1643681 (Apr. 2, 2020) (same).[4] This is equally true here.

Finally, Plaintiff's requested declaratory judgment is a predicate for the injunctive relief she also requests. Doc. 35 at ¶¶ 83–84. *See also* 28 U.S.C. § 2202 ("Further necessary or proper relief based on a declaratory judgment or decree may be granted . . . against any adverse party whose rights have been determined by such

---

[4] Except for one case, none of the cases State Farm relies on are class actions. *See Zone 4, Inc. v. Brown*, No. 1:19-CV-0676-LMM, 2019 WL 7833902, at *1 (N.D. Ga. June 12, 2019); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995); *State St. Bank & Tr. Co. v. Canal Ins. Co.*, No. 1:14-CV-2080-AT, 2014 WL 12360078, at *6 (N.D. Ga. Dec. 1, 2014); *Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs., Ltd.*, 416 F. Supp. 3d 1369, 1375 (S.D. Fla. 2019). In the sole class action case State Farm cites in its arguments to dismiss the declaratory relief claim, the plaintiffs did not argue, and the court did not consider, whether the declaratory relief claim would serve a useful purpose in determining class certification issues. *See Gendler v. Related Grp.*, No. 09-21867-CIV, 2009 WL 10668980, at *4 (S.D. Fla. Sept. 14, 2009); *see also id* Doc. 57 at 7–9.

judgment."); *Powell v. McCormack*, 395 U.S. 486, 499 (1969) (citing § 2202) ("A declaratory judgment can then be used as a predicate to further relief, including an injunction."). Plaintiff's request for declaratory relief is therefore not duplicative of her contract claims.

Accordingly, State Farm's motion to dismiss Plaintiff's declaratory judgment claim should be denied.

## IV.   CONCLUSION

For the reasons stated above, State Farm's motion should be denied.

Dated: July 26, 2021                         Respectfully submitted,

**BARNES LAW GROUP, LLC**

*/s/Roy E. Barnes*
Roy E. Barnes (Ga. Bar No. 039000)
J. Cameron Tribble (Ga. Bar No. 754759)
31 Atlanta Street
Marietta, Georgia 30060
Telephone:  (770) 227-6375
Facsimile:   (770) 227-6373
roy@barneslawgroup.com
ctribble@barneslawgroup.com

**HAUSFELD LLP**
James J. Pizzirusso (*pro hac vice*)
Primary Email: jpizzirusso@hausfeld.com
Nathaniel C. Giddings
Primary Email: ngiddings@hausfeld.com
Melinda R. Coolidge
Primary Email: mcoolidge@hausfeld.com
1700 K Street, NW

Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202)540-7201
Kimberly Fetsick
Primary Email: kfetsick@hausfeld.com
33 Whitehall Street
New York, NY 10004
Telephone: (646) 357-1100
Facsimile: (212) 202-4322

–and–

**KALIEL PLLC**
Sophia Goren Gold (*pro hac vice*)
Primary Email: sgold@kalielpllc.com
1875 Connecticut Avenue NW, 10th Floor
Washington, DC 20009
Telephone: (202) 350-4783
Facsimile: (202) 871-8180

–and–

**THE VAN WINKLE LAW FIRM**
David M. Wilkerson (*pro hac vice*)
Primary Email: dwilkerson@vwlawfirm.com
11 N. Market Street
Asheville, NC 28801
Telephone: 828-258-2991
Facsimile: 828-527-2767

–and–

**MITCHELL DeCLERK**
Larry D. Lahman
Primary Email: larry.lahman@sbcglobal.net
Roger L. Ediger (*pro hac vice*)
Primary Email: rle@mdpllc.com
202 West Broadway Avenue

Enid, Oklahoma 73701
Telephone: (580) 234-5144
Facsimile: (580) 234-8890

–and–

**TURKE & STRAUSS LLP**
Samuel J. Strauss
Primary Email: Sam@turkestrauss.com
936 N. 34th Street, Suite 300
Seattle, WA 98103
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

*Attorneys for Plaintiff Kathryn Bauer*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that, pursuant to Local Rules 5.1(C) and 7.1(D), the foregoing was prepared in Times New Roman 14-point font, double-spaced, with a top margin of not less than 1.5 inches and a left margin of not less than 1 inch.

This 26th day of July, 2021.

*/s/Roy E. Barnes*
Roy E. Barnes (Ga. Bar No. 039000)
J. Cameron Tribble (Ga. Bar No. 754759)
31 Atlanta Street
Marietta, Georgia 30060
Telephone: (770) 227-6375
Facsimile:  (770) 227-6373
roy@barneslawgroup.com
ctribble@barneslawgroup.com

*Attorneys for Plaintiff Kathryn Bauer*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing **PLAINTIFF KATHY BAUER'S OPPOSITION TO STATE FARM LIFE INSURANCE COMPANY'S PARTIAL MOTION TO DISMISS AND TO STRIKE PORTIONS OF PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send email notification to all counsel of record.

This 26th day of July, 2021.

<div style="margin-left:40%">

**THE BARNES LAW GROUP, LLC**

*/s/ Roy E. Barnes*
Roy E. Barnes
Ga. Bar No. 039000
J. Cameron Tribble
Ga. Bar No. 754759
31 Atlanta Street
Marietta, Georgia 30060
BARNESLAW (770) 227-6375
BARNESFAX (770) 227-6373
roy@barneslawgroup.com
ctribble@barneslawgroup.com

*Attorneys for Plaintiff Kathryn Bauer*

</div>