# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KATHY BAUER, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM LIFE INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. <br> 1:21-cv-00464-SDG |

## OPINION AND ORDER

This matter is before the Court on Defendant State Farm Life Insurance Company's (State Farm) motion to dismiss the First Amended Complaint in part and to strike the prayer for punitive and exemplary damages [ECF 39]. After careful consideration of the parties' briefing, the Court **GRANTS** State Farm's motion.

**I.   BACKGROUND**

The following well-pled allegations are accepted as true for purposes of this Order.[1] Kathy Bauer purchased, and still owns, a flexible premium adjustable whole life insurance policy (the Policy) from State Farm.[2] State Farm administers

---

[1]   *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

[2]   ECF 35 (First Am. Compl.), ¶¶ 11–12.

all aspects of the Policy, including collecting premiums and setting and deducting Policy charges.[3] Bauer's Policy provides for death benefits as well as an interest-bearing component, which operates like a savings account for premium dollars, referred to as "Account Value."[4] The Account Value is Bauer's property.[5]

On a monthly basis, State Farm deducts from the Account Value an amount comprised of the cost of insurance (COI), the monthly charge for any riders, and the monthly expense charge.[6] The monthly expense charge is five dollars.[7] The COI is calculated from a monthly cost of insurance (MCI) rate, defined in the Policy as follows: "[R]ates for each policy year are based on the Insured's age on the policy anniversary, sex, and applicable rate class."[8] Despite this Policy language, State Farm allegedly calculates the monthly MCI and, in turn, the monthly COI, based on factors other than the insured's age, sex, and applicable rate class, including profit and expenses.[9] By including additional factors in the MCI, Bauer alleges that

---

[3]  *Id.* ¶ 14.

[4]  *Id.* ¶ 21.

[5]  *Id.* ¶ 22.

[6]  *Id.* ¶¶ 27–29.

[7]  *Id.* ¶ 30.

[8]  *Id.* ¶¶ 31–32.

[9]  *Id.* ¶ 40.

State Farm charges higher rates and, as a result, raises the COI and deducts more from the Account Value than is authorized by the Policy.[10] Bauer further contends that State Farm intentionally concealed its rate calculations and that she could not discover these unauthorized deductions despite reasonable diligence.[11]

Bauer, on behalf of herself and others similarly situated, filed suit against State Farm for deducting unauthorized amounts from her Account Value.[12] In her First Amended Complaint, Bauer asserts two claims for breach of contract, for determining the COI inconsistently with the terms of the Policy and for charging amounts in excess of the fixed expense charges;[13] for conversion;[14] and for declaratory and injunctive relief.[15] Bauer seeks compensatory, punitive, and exemplary damages.[16]

---

[10] *Id.* ¶¶ 41–42.

[11] *Id.* ¶ 47.

[12] *See generally id.*

[13] *Id.* ¶¶ 58–69.

[14] *Id.* ¶¶ 70–78.

[15] *Id.* ¶¶ 79–83.

[16] *Id.* ¶ 84.

State Farm moves for partial dismissal of the First Amended Complaint.[17] State Farm seeks dismissal of Bauer's claims for conversion and declaratory relief pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. State Farm also requests that the Court strike Bauer's request for punitive and exemplary damages pursuant to Rule 12(h).[18] State Farm's motion is fully briefed and ripe for consideration.[19]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am.*

---

[17]   ECF 39.

[18]   *Id.*

[19]   ECF 40 (Bauer's Resp. in Opp.); ECF 43 (State Farm's Reply in Supp.).

*Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "However, conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187–88 (11th Cir. 2002). A complaint is plausible on its face when a plaintiff pleads sufficient factual content for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Am. Dental Ass'n,* 605 F.3d at 1289 (citing *Twombly*, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

### III.   DISCUSSION

#### A.   Bauer Failed to State a Claim for Conversion.

State Farm argues that Bauer's claim for conversion fails because (1) she failed to specify what money has been converted, (2) the claim is a duplicate of her breach of contract claim, and (3) the claim is time barred. Bauer responds that she need not identify a specific amount of money to state a claim for conversion

because the amount is capable of determination, that it is distinct from the breach of contract claim, and that State Farm's fraudulent concealment tolled the statute of limitations. The Court agrees that Bauer has failed to allege an identifiable sum of money, so it need not reach State Farm's remaining arguments.

The parties agree that the Court must apply Georgia law to Bauer's conversion claim.[20] *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016) ("In a diversity action such as this one, a federal court must apply the choice-of-law principles of the state in which it sits."). Under Georgia law, "[c]onversion consists of an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation." *Decatur Auto Ctr. v. Wachovia Bank, N.A.*, 276 Ga. 817, 819 (2003). "The general rule is that money is not a type of property that is subject to an action for conversion." *City of Atlanta v. Hotels.com, L.P.*, 332 Ga. App. 888, 891 (2015). This is because money, unlike tangible property, is fungible and difficult to claim ownership over because it typically cannot be "differentiated by specific identification." *Taylor v. Powertel, Inc.*, 250 Ga. App. 356, 359 (2001).

---

[20] ECF 39-1, at 9; ECF 40, at 17 n.3.

However, "money can be the subject of a conversion claim as long as the allegedly converted money is specific and identifiable." *Unified Servs., Inc. v. Home Ins. Co.*, 218 Ga. App. 85, 89 (1995); *Taylor,* 250 Ga. App. at 359 ("[M]oney must comprise a specific, separate, identifiable fund to support an action for conversion.").

Bauer alleges that State Farm converted money from her Account Value by deducting unauthorized amounts.[21] Though Bauer does not specify an amount that was taken without authorization, she argues that the amount can be determined through expert testimony and so this is not fatal to her claim.[22] Bauer misunderstands what 'specific and identifiable' means in the context of conversion. It does not mean capable of being calculated, but capable of being defined or described, similar to tangible property. For example, if an amount of money is earmarked for a specific purpose, such as money deposited in an escrow account, it is sufficiently specific and identifiable to support a conversion action. *See Armstrong v. Ocwen Mortg. Co.*, No. CV413-010, 2014 WL 1319389, at *3 (S.D. Ga. Mar. 28, 2014) (money in escrow fund designated for insurance payments and real estate taxes was sufficiently identifiable); *Unified Servs., Inc. v. Home Ins. Co.*, 218 Ga. App. 85, 89 (1995) (insurance premiums paid to broker that were

---

[21] ECF 35, ¶ 72.

[22] ECF 40, at 12.

earmarked for remittance to insurer were sufficiently identifiable). Money disbursed via wire transfer is also sufficiently identifiable. *Trey Inman & Assocs., P.C. v. Bank of Am., N.A.*, 306 Ga. App. 451, 458 (2010). Similarly, money reflected by a document, "such as a check, promissory note, or negotiable instrument," sufficiently shows "the full value of the intangible rights." *Decatur Auto Ctr.*, 276 Ga. at 820.

Bauer's allegations, however, fail to sufficiently identify the money that State Farm converted. Though she alleges that State Farm misappropriated the Account Value funds by deducting amounts over what it was authorized to deduct, she does not allege that the amounts used to pay the COI were earmarked for another purpose rather than to generally earn interest and be available. Bauer's allegations are similar to those in *Taylor*, where the plaintiff alleged that his telephone carrier improperly included county taxes for which he was not responsible in his monthly bills. 250 Ga. App. at 356. The Georgia Court of Appeals held that he "failed to show that the portion of the total telephone bill specifically attributable to taxes . . . constituted an identifiable fund belonging to him to which he had an immediate right of possession." *Id.* at 359. Bauer similarly has failed to allege that the portion of State Farm's monthly deduction for the COI was an identifiable sum and, therefore, has failed to state a claim for conversion.

### B. Bauer Is Not Entitled to Punitive or Exemplary Damages.

State Farm also argues that Bauer cannot recover punitive or exemplary damages because those damages are dependent on her conversion claim.[23] Bauer does not argue that her claim for punitive or exemplary damages can exist independently of her conversion claim. Though motions to strike pursuant to Rule 12(f) are generally disfavored and considered a drastic remedy, it is appropriate to strike a prayer for punitive and exemplary damages if there is no factual basis supporting those damages. *Simmons v. Royal Caribbean Cruises, Ltd.*, 423 F. Supp. 3d 1350, 1352 (S.D. Fla. 2019); *Schmidt v. C.R. Bard, Inc.*, No. 6:14-CV-62, 2014 WL 5149175, at *7 (S.D. Ga. Oct. 14, 2014) (collecting cases) (noting that "[a] survey of relevant case law and commentary" shows that striking a prayer for relief "is proper only where the relief requested is not available as a matter of law"). *See also White v. Alcon Film Fund, LLC*, No. 1:13-CV-1163-TCB, 2013 WL 12067479, at *7–8 (N.D. Ga. Aug. 13, 2013) (striking request for punitive damages after finding such damages unavailable under the Copyright Act).

Under Georgia law, "[u]nless otherwise provided by law, exemplary damages shall never be allowed in cases arising on contracts." O.C.G.A. § 13-6-10.

---

[23] ECF 39-1, at 16–14.

Moreover, "punitive damages are not [generally] recoverable for breach of contract, even though the breach may be in bad faith." *Hester Enters., Inc. v. Narvais*, 198 Ga. App. 580, 582 (1991). Without an underlying tort claim, Bauer cannot recover punitive or exemplary damages. As the Court has dismissed Bauer's only tort claim, it will strike her prayer for punitive and exemplary damages.

### C. Bauer Failed to State a Claim for Declaratory Judgment.

Finally, State Farm argues that Bauer cannot pursue a declaratory judgment claim under 28 U.S.C. § 2201 because this cause of action is duplicative of her breach of contract claim. Bauer responds that her declaratory judgment claim serves a useful purpose because it would resolve the parties' dispute as to the proper interpretation of the Policy; is prospective in nature; would serve a purpose at class certification as an independent basis for certification; and is a predicate for injunctive relief.[24]

The Court has substantial discretion in deciding whether to consider a declaratory judgment claim. *Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*, 942 F.3d 1215, 1229 (11th Cir. 2019) ("Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and

---

24   ECF 40, at 22–25.

substantial discretion in deciding whether to declare the rights of litigants."). "Two principal factors guide courts' discretion: (i) whether 'the judgment will serve a useful purpose in clarifying and settling the legal relations in issue,' and (ii) whether a declaratory judgment 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *C.R. ex rel. Reed v. Noggle*, No. 1:19-CV-04521-LMM, 2021 WL 4538506, at *11 (N.D. Ga. Sept. 13, 2021) (quoting *Otwell v. Ala. Power Co.*, 944 F. Supp. 2d 1134, 1148 (N.D. Ala. 2013)).

A declaratory judgment does not serve a useful purpose where it is completely duplicative of a breach of contract claim. *See Mena Catering, Inc. v. Scottsdale Ins. Co.*, 512 F. Supp. 3d 1309, 1322–23 (S.D. Fla. 2021) ("Declaratory judgment claims that functionally seek adjudication on the merits of a breach of contract claim are duplicative and cannot stand."). "It is common in our Circuit for District Courts to dismiss requests for declaratory judgment when a plaintiff asserts a corresponding claim for breach of contract." *HM Peachtree Corners I, LLC v. Panolam Indus. Int'l, Inc.*, No. 1:17-CV-1000-WSD, 2017 WL 3700304, at *3 (N.D. Ga. Aug. 28, 2017) (collecting cases).

State Farm is correct that Bauer's declaratory judgment claim mirrors her breach of contract claims, in that she seeks a ruling that her interpretation of the

Policy is correct and that State Farm has and continues to breach the Policy by impermissibly overcharging for the MCI and COI and, as a result, deducting more than authorized from the Account Value.[25] To be sure, resolution of the breach of contract claims would necessarily dictate the Court's ruling on the declaratory judgment claim.

Bauer asserts that her declaratory judgment claim is nevertheless useful because it is prospective in nature. Forward looking declaratory judgment claims can, indeed, coexist with breach of contract claims that are retroactive in nature. *Mena Catering, Inc.*, 512 F. Supp. 3d at 1322. Bauer's declaratory judgment claim is not prospective in nature, however, because it depends primarily on past conduct by State Farm.[26] Moreover, though Bauer alleges that a declaratory judgment will prevent future controversies,[27] she also alleges that the breaches of contract are ongoing, meaning that if she succeeds on her breach of contract claims, all breaches up to that point will be remedied.[28]

---

[25] ECF 35, ¶¶ 50–69 (Counts I and II for breach of contract), 79–83 (Count IV for declaratory judgment).

[26] *Id.* ¶ 81 ([U]nder the Policies, Defendant impermissibly *increased* . . . [and] impermissibly *deducted* expense charges from the Account Values.") (emphasis added).

[27] *Id.* ¶ 82.

[28] *Id.* ¶¶ 65, 69.

Bauer also argues that the declaratory judgment claim is useful because it will add value at class certification and because it provides a predicate for injunctive relief. Even if a declaratory judgment claim can serve as an independent basis for class certification, the Court disagrees that this adds utility to the claim here because it would still be duplicative of the breach of contract claims. In other words, resolution of breach of contract class claims would also resolve declaratory judgment class claims. The Court also agrees with State Farm that the declaratory judgment claim is not necessary to obtain injunctive relief, and so it is not useful for this purpose. *Dunkin' Donuts Inc. v. Kashi Enters., Inc.*, 119 F. Supp. 2d 1363, 1364 (N.D. Ga. 2000) (injunctive relief available for violation of agreement if the injury is continuing and there is no adequate remedy at law).

"Where, as here, the declaratory judgment count would serve no useful purpose because the issues will be resolved by another claim, courts generally decline to entertain the declaratory judgment count." *Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs., Ltd.*, 416 F. Supp. 3d 1369, 1376 (S.D. Fla. 2019). As the declaratory judgment claim duplicates the breach of contract claims and adds nothing to this action beyond what the breach of contract claims do, the Court will dismiss it.

## IV. CONCLUSION

State Farm's motion to dismiss the First Amended Complaint in part and motion to strike [ECF 39] is **GRANTED**. Bauer's claims for conversion (Count III) and for a declaratory judgment (Count IV) are **DISMISSED WITHOUT PREJUDICE**, and Bauer's prayer for punitive and exemplary damages is **STRICKEN**.

**SO ORDERED** this 28th day of March, 2022.

Steven D. Grimberg
United States District Court Judge